UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POOROUSHASB PARINEH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL MARTEL,<br><br>　　　　Respondent. | Case No. 18-cv-01002-WHO (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. Nos. 3 and 4 |

## INTRODUCTION

Petitioner Pooroushasb Parineh seeks federal habeas relief from his state convictions. The petition for such relief has been reviewed under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases and has been found to state cognizable claims. Accordingly, on or before **August 14, 2018**, respondent shall file an answer or a dispositive motion in response to the habeas petition.

## BACKGROUND

In 2013, a San Mateo Superior Court jury found Parineh guilty of the first degree murder of his wife Parima; the alleged reason for the murder was to obtain millions in life insurance money. A sentence of life without the possibility of parole, plus an additional sentence of 25 years to life, was imposed. Parineh's attempts to overturn his conviction in state court were unsuccessful. This federal habeas petition followed.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Parineh claims (i) defense counsel rendered ineffective assistance; (ii) the jury received flawed instructions; and (iii) the trial court made errors in the admission and exclusion of evidence. When liberally construed, these claims are cognizable on federal habeas review.

**MOTIONS**

Parineh moves for (i) the appointment of counsel; (ii) discovery; and (iii) an evidentiary hearing. (Dkt. No. 3.)

**(i)     Motion for the Appointment of Counsel**

There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court is authorized under 18 U.S.C. § 3006A (a)(2)(B) to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-386 (2d ed. 1994).

In the Ninth Circuit, roughly one-third of new civil litigants in district court are not represented by counsel. United States Courts for the Ninth Circuit, 2014 Annual Report 39 (2015), available at http://www.ce9.uscourts.gov/publications/AnnualReport2014.pdf. Most, but by no means all, of these litigants are incarcerated. There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice, and the high percentage of civil litigants who cannot afford one threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

Parineh has not shown that exceptional circumstances exist. His pro se filings are coherent, detailed, and well-reasoned and this suit does not present factually or legally complex issues. The motion for the appointment of counsel is DENIED.

### (ii) Motion for Discovery

Parineh's motion for discovery of the client file held by his trial attorney is GRANTED. The Clerk will send petitioner a subpoena form. Parineh shall complete the form according to its instructions and return it to the Court, which will then send it to petitioner's attorney.

The Court notes that Rule 3-700(D) of California's Rule of Professional Conduct for attorneys states that

> A member whose employment has terminated shall: [ ] Subject to any protective order or nondisclosure agreement, promptly release to the client, at the request of the client, all the client papers and property. 'Client papers and property' includes correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for them or not.

### (iii) Motion for an Evidentiary Hearing

Parineh's motion for an evidentiary hearing is DENIED as premature. The Court will hold an evidentiary hearing if one is warranted.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **August 14, 2018**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **August 14, 2018**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

4

8. Petitioner's motion to proceed *in forma pauperis* is GRANTED. (Dkt. No. 4.)

9. Petitioner's motions for the appointment of counsel and for an evidentiary hearing are DENIED. (Dkt. No. 3.)

10. Petitioner's motion for discovery of his client file is GRANTED.

11. The Clerk shall terminate Dkt. Nos. 3 and 4.

**IT IS SO ORDERED.**

**Dated:** June 4, 2018

WILLIAM H. ORRICK
United States District Judge