UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POOROUSHASB PARINEH,<br>Petitioner,<br>v.<br>MICHAEL MARTEL,<br>Respondent. | Case No. 18-cv-01002-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 27 |

## INTRODUCTION

Parineh seeks federal habeas relief from his state convictions. His petition is untimely and he did not make a credible showing of actual innocence. Respondent's motion to dismiss is GRANTED and the petition is DISMISSED.

## BACKGROUND

In 2013, Parineh was convicted in state court of murder and sentenced to life in prison without the possibility of parole plus 25 years. (Pet., Dkt. 1 at 1; MTD, Dkt. No. 27 at 1.) His direct appeals were unsuccessful, and concluded when the U.S. Supreme Court denied his petition for writ of certiorari on October 11, 2016. (Pet., App., Dkt. No. 2 at 4.)

Parineh filed many state petitions for relief. On July 11, 2016, he filed a petition for writ of certiorari in the state supreme court, which rejected it on July 15 as "filed in error." (MTD, Dkt. No. 27 at 113.) On August 25, 2016, he filed another in the superior court,

which denied it on November 15, 2016. (*Id.* at 129-131.) His March 2017 appeal of that decision was dismissed because the denial of a habeas petition is not an appealable order. (*Id.* at 133.) A subsequent petition, also filed in March 2017 in that same appellate court, was denied for the same reason. (*Id.* at 135.) On June 12, 2017, he filed a petition in the state supreme court, которое denied it on August 9, 2017. (*Id.* at 172.) This federal petition followed on February 12, 2018.

## DISCUSSION

### I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, has a statute of limitations, which is codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence. *See id.* § 2244 (d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### II. Timeliness of the Petition

Absent tolling, Parineh had one year from the date the U.S. Supreme Court denied his petition for writ of certiorari (October 11, 2016) to file his federal petition for a habeas relief. His petition was not filed until February 12, 2018.[1] Absent sufficient statutory or

---

[1] Parineh is entitled to this filing date, rather than the February 15, 2018 date listed in the docket. The Court assumes that he put the petition in the prison mail the day he signed it

2

equitable tolling, or an equitable exception, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### A. Statutory Tolling

Parineh is entitled to some statutory tolling, though not enough to save the petition. For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). Under this rule, Parineh is entitled to 93 days of tolling, for reasons discussed below. These days extend the AEDPA filing deadline from October 12, 2017 only to January 12, 2018, a month before Parineh filed his federal petition.

Parineh is entitled to 35 days of tolling from October 12, 2017 to November 16, 2017, to account for time his state habeas petition was pending after the U.S. Supreme Court denied his writ of certiorari. He had filed the state petition on August 25, 2016 in the superior court, and it was not denied until November 15, 2016, 35 days after the U.S. Supreme Court denied Parineh's certiorari petition. Parineh is entitled to these 35 days of tolling.[2] Tolling does not include the days from August 25 to October 11, of course, because tolling can only stop a clock that has started running, and the AEDPA clock could not start running until October 11, 2016, when the U.S. Supreme Court denied the certiorari petition.

Parineh is also entitled to an additional 58 days of tolling for the days between the date he filed a petition in the state supreme court (June 12, 2017) and the date it was denied (August 9, 2017). These 58 days extend the filing deadline from November 16, 2017 to January 12, 2018.[3]

---

(February 12, 2018) and will use that as the filing date under the prisoner mailbox rule. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] A prior petition filed in the state supreme court on July 11, 2016 was voided as "filed in error." Because it was not a proper filing, it cannot extend the filing deadline. Only "properly filed" applications can do that. 28 U.S.C. § 2244(d)(2); *Bennett*, 531 U.S. at 8.

[3] January 13, 2017, a Saturday, is the actual day. Because it is a Saturday, the prior Friday,

3

He is not entitled to any tolling for the other petitions. A prior petition filed in the state supreme court on July 11, 2016 was voided as "filed in error." Because it was not a proper filing, it cannot extend the filing deadline. Only "properly filed" applications can do that. 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings). The two petitions he filed in March 2017 in the state appellate court do not allow for additional tolling days. Both petitions were rejected as improper — the superior court's denial of his habeas petition was not an appealable order.

Parineh's petition for federal habeas relief was not filed until February 12, 2018, a month after the January 12, 2018 deadline. Absent a showing that he is entitled to sufficient equitable tolling, or to an equitable exception, the petition is untimely and will be dismissed.

### B. Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

Parineh states that "[p]etitioners are entitled to equitable tolling," but he does not articulate any reason that <u>he</u> should be entitled to it, however. (Opp., Dkt. No. 29 at 4.) While his several petitions in state court may show diligence, he makes no showing of

---

January 12, is considered the filing deadline. *See* Fed. R. Civ. P. 6.

4

some extraordinary circumstance that stood in his way to prevent timely filing.

## C. Equitable Exception: Actual Innocence

The Court will construe the following as a claim of actual innocence: "Although Petitioner has not been granted (i.e. Discovery/Evidentiary Hearing); Miscarriage of Justice claims are being asserted on Habeas-Claims due to Actual Innocence [*sic*]." (Opp., Dkt. No. 29 at 4.) Parineh's conclusory allegation does not meet the standards to proceed on a theory of actual innocence.

"[A] credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995), excuses the statute of limitations period established by [AEDPA]." *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc). *Schlup* requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Id.*, 513 U.S. at 324. Then a petitioner must show that in light of the new evidence it is more likely than not that "no reasonable juror would have convicted him," *id.* at 327, or that "every juror would have voted to acquit him," *Lee*, 653 F.3d at 946 (citing *Schlup*, 513 U.S. at 327) (Kozinski, J. concurring).

A federal habeas petitioner must tie his actual innocence claim to a constitutional error in the underlying criminal proceedings. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[S]uch evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Townsend v. Sain*, 372 U.S. 293, 317 (1963).

Parineh does not allege facts that would establish a credible showing of actual innocence. He does not identify a constitutional error. The equitable exception of actual innocence does not apply to toll the AEDPA statute of limitations.

5

# CONCLUSION

Respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 27.) The petition is DISMISSED.

A certificate of appealability will not issue. Parineh has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** February 14, 2019



WILLIAM H. ORRICK
United States District Judge